J. G. GAMBLE, *Plaintiff in Error*, v. MARVIN MALSBY, DOING BUSINESS AS MALSBY MACHINERY COMPANY, *Defendant in Error*.

Opinion Filed January 27, 1914.

In an action at law upon two promissory notes brought by the assignee of the payee against the maker of the notes in which a demurrer was sustained to the pleas of the defendant, it is immaterial whether such instruments were negotiable under the negotiable instruments law or not, when the pleas fail to show any meritorious defense against the payee in such instruments irrespective of negotiability. and the demurrer to such pleas was properly sustained.

Writ of Error to Circuit Court for Alachua County; J. T. Wills, Judge.

Judgment affirmed.

*A. H. & Roswell King,* for Plaintiff in Error;

*Hampton & Hampton,* for Defendant in Error.

SHACKLEFORD, C. J.—The defendant in error instituted an action at law against the plaintiff in error upon two written instruments, alleged to be promissory notes and to have been executed by the plaintiff in error to the order of A. B. Farquar Company, Limited, of York, Pa., and to have been endorsed before maturity by the payee therein to the defendant in error. The plaintiff filed eleven pleas, to which the defendant in error interposed a demurrer, addressed to all of them, which was sustained, and, the plaintiff in error declining to plead further, default was entered against him and the cause referred to a jury to assess the damages. A verdict was rendered in favor of the plaintiff in the court below for the sum of $929.57, upon which final judgment was entered against the defendant, which judgment is brought here for review. Three errors are assigned, all of which are argued together, and we shall so treat them. We see no occasion to copy any of the pleadings. The main contention here between the parties litigant is over the negotiability of the two instruments which form the basis of the action, but, in view of the conclusion which we have reached, it becomes unnecessary to determine this point. Whether such instruments are negotiable or not under what is known as "the negotiable instruments law," which has been adopted in this State, they are at least assignable, and, as is shown by the pleadings, as a matter of fact, they were assigned by the payee therein to the plaintiff. Sections 1365 and 1465 of the General Statutes of Florida give the plaintiff, as such assignee,

the right to bring an action thereon in his own name. If the pleas which the defendant filed fail to show any meritorious defense as against the payee in such instruments, it makes no difference whether such instruments were or were not negotiable. A careful examination of such pleas discloses that no one of them sets up such defense. This being true, the demurrer thereto was properly sustained, and the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.